# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JOSE MANUEL SALDIVAR FARIAS,**

Defendant.

Case No. 4:15-CR-203-1

United States Courts
Southern District of Texas
FILED
JUL 22 2024
Nathan Ochsner, Clerk of Court

---

## MOTION FOR COMPASSIONATE RELEASE

### INTRODUCTION

Jose Manuel Saldivar Farias, by and through his undersigned counsel, respectfully moves this Honorable Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Farias was sentenced to 360 months of imprisonment on August 11, 2017, after pleading guilty to conspiracy to import 1,000 kilograms or more of marijuana from Mexico into the United States. Due to compelling and extraordinary circumstances, including his deteriorating health and the harsh conditions of his confinement, Mr. Farias seeks a reduction in his sentence.

1

## FACTUAL BACKGROUND

### Case and Sentencing Overview

- Mr. Farias was sentenced on August 11, 2017, by the Honorable Melinda Harmon, to 360 months (30 years) imprisonment following his guilty plea to conspiracy to import a substantial quantity of marijuana.
- The plea agreement was made under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, stipulating a 360-month sentence, which represents a significant downward departure from the guideline provision of life imprisonment.
- The court justified the sentence reduction from the guideline provision of life to 360 months (30 years) based on several factors: the charges and plea agreement, the motion to proceed without a presentence report, extensive negotiations leading to the plea agreement, approval by higher-ups in the Justice Department, the guideline sentence of life being greater than necessary, and the agreed-upon sentence promoting respect for the law, providing just punishment, deterrence of criminal conduct, and protection of the public. (See Sentencing Transcripts, page 4,5. and 6).

### Health Conditions

- Mr. Farias has developed serious health issues during his incarceration, significantly diminishing his ability to provide self-care within the correctional environment.
- Detailed medical records and evaluations documenting his health status will be submitted under seal to protect his privacy.

### Harsh Conditions of Confinement

- Mr. Farias spent approximately two years and five months in the Special Housing Unit (SHU), experiencing extremely harsh and isolating conditions. This "hard time" has exacerbated his health problems and affected his mental well-being.

**No Reason for Continuing to Warehouse Mr. Farias**

Because people grow, mature, and evolve, and because conditions and circumstances change, it is virtually impossible to make sound decisions when first imposing sentence about precisely how long someone should spend behind bars. But that is exactly how the federal criminal justice system works. Judges are required to act as if they are omniscient and the prison terms they impose are – for all intents and purposes – final. Congress did, when it abolished parole through passage of the Sentencing Reform Act of 1984, invest the U.S. Bureau of Prisons (the "BOP") with the discretion to revisit and review the sentences imposed on a few narrow categories of defendants. But the BOP largely has not exercised that authority, even for defendants who were sentenced decades ago, even for defendants serving exceedingly long prison terms or even for defendants for whom continued confinement can no longer readily be justified on moral or utilitarian grounds.

Responding to concerns that the BOP was not making adequate use of its legal authority to seek sentence reductions for qualified defendants, Congress recently vested federal judges with the power to do what they were previously prohibited from doing absent a motion from the Director of the BOP. Specifically, changes to 18 U.S.C. § 3582(c)(1)(A) contained in the First Step Act (which was signed into law on December 21, 2018) authorize courts to reduce the prison term – even to time served – of any defendant if it finds that "extraordinary and compelling

3

reasons" warrant such a reduction. In other words, federal judges are now empowered to take a "second look" at the sentences imposed on defendants who are deserving and worthy of a "second look."

Mr. Farias is deserving and worthy of just such a "second look." And, as set forth below, "extraordinary and compelling reasons" warrant a reduction to time served (or less than 30-years). Accordingly, and for all the reasons detailed herein, he respectfully requests that this Court enter an Order, pursuant to 18 U.S.C. § 3582(c)(1)(A), reducing his sentence to time served (or, alternatively, to a term of years short of a 30-year sentence that this Court finds is consistent with the dictates of 18 U.S.C. § 3553(a)).

Mr. Farias does not dispute that his offense was decidedly serious. 10-years later – Mr. Farias is deserving of a "second look" and a reduced sentence. And, as detailed herein, this Court is now authorized to take such a "second look" and empowered Mr. Farias is Serving Hard Time:

Mr. Farias is seeking a reduction in his sentence based on the significant time he has spent enduring harsh conditions. Over the past 10-years, he has been housed at the federal BOP, a detention facility, known as a center for hard time detention under the United States Constitution. This designation triggers protections under the fifth, eighth, and fourteenth amendments.

Several factors at the federal BOP warrant consideration for his motion, as they further implicate these constitutional protections and justify a two-day credit for one day served by federal inmates at such a facility. These factors include:

**Communal Segregation Prison**: The federal BOP operates as a communal segregation prison, curtailing the freedom of inmates in the general population.

4

**Limited Access to Recreation**: Inmates are provided with only three opportunities per week, often lasting less than one hour each time, for recreational activities. Sometimes, several days pass without any recreation, rendering the conditions intolerable.

**Inadequate Dietary Standards:** Inmates are subjected to meals below federal prison standards, with some being of poor quality. Extended lockdowns force inmates to utilize discolored and contaminated water from their cell sinks, constituting cruel and unusual punishment under the Eighth Amendment when prolonged.

**Excessive Confinement**: Inmates in general population can spend over 22 hours a day in their cells, resembling solitary confinement and resulting in a significant deprivation of liberty.

**Restricted Movement:** Inmates not in protective segregation or disciplinary segregation experience limited movement, leading to disproportionate punishment relative to their offenses.

**Hygiene Concerns:** Personal hygiene deteriorates due to the transient inmate population tasked with maintaining cleanliness. This situation exacerbates common illnesses and prevents even basic grooming during lockdowns.

**Medical Care Shortages:** Since the COVID-19 lockdown in March 2020, medical care has become scarce, with extended waiting times to see dental, medical, and mental health professionals. The lack of access to medical care, coupled with prolonged confinement, has negatively affected inmates' mental health, particularly those grappling with depression and anxiety.

**Constitutional Duty of Federal Courts**: Federal courts have a responsibility to provide relief for the deprivation of prisoners' constitutional rights. This duty becomes especially pertinent when conditions at facilities like the federal BOP result in inadequate personal hygiene and dietary standards or impose punishments that are disproportionate to the offenses committed.

**Prolonged Lockdown:** The lockdown at the federal BOP has extended beyond two years, underscoring the imperative need for action to rectify these constitutional violations.

Moreover, inmates at the federal BOP face further hardships due to staffing shortages and administrative issues. These concerns encompass limited access to essential services, untimely and inadequate meals, uncomfortable sleeping conditions (torn and worn-out mattresses causing back pain and hindering sleep quality for inmates), restricted movement (with limited access to outdoor space and exposure to excessive noise and tobacco smoke), and exposure to unhealthy environments. The focus on prioritizing First Step Act (FSA) programs for inmates with release dates inadvertently excludes life-sentenced individuals, raising concerns about equitable access to rehabilitation and reintegration opportunities, irrespective of sentence length.

The aforementioned issues underscore the urgency of addressing conditions at the federal BOP to safeguard inmates' rights, well-being, and access to essential services.

Mr. Farias asks the Court to consider this motion on an expedited basis as each day in custody brings renewed and unthinkable risk to Mr. Farias' life and personal situation.to reduce Mr. Farias sentence (even to time served).

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons" warrant such a reduction, after considering the factors set forth in 18 U.S.C. § 3553(a), and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

## ARGUMENT

### Extraordinary and Compelling Reasons

- **Severe Health Conditions**: Mr. Farias's severe health conditions constitute extraordinary and compelling reasons for compassionate release. His deteriorating health impedes his ability to provide self-care in prison and poses a significant risk given the prison environment.
- **Harsh Confinement Conditions**: The prolonged period Mr. Farias spent in the SHU under extreme conditions further justifies compassionate release. The psychological and physical toll of such confinement is considerable and exacerbates his existing health problems.

### Section 3553(a) Factors

- **Gravity of the Offense**: While the seriousness of Mr. Farias's offense cannot be understated, the 30-year sentence initially imposed was a significant downward departure from a life sentence. Reducing his sentence further to time served would still reflect the gravity of his crime while considering his current health and the undue hardship he has endured.

7

- **Respect for the Law and Deterrence**: A reduced sentence would not undermine respect for the law nor its deterrent effect, given the extraordinary and compelling circumstances.

**No Danger to the Community**

- **Good Behavior**: Mr. Farias has demonstrated good behavior during his incarceration and poses no danger to the community. Upon release, he will be subject to supervision and conditions that will ensure he does not reoffend.

**Argument for Sentence Reduction Based on Amendment 821 for Jose Manuel Saldivar Farias**

**I. Introduction**

Mr. Farias also respectfully moves this Court for a reduction of his sentence pursuant to Amendment 821 and recent developments in case law, particularly the Supreme Court ruling in Concepción v. United States. Mr. Farias contends that the significant changes in the law and his personal circumstances warrant a reduction in his sentence.

**II. Relevant Facts**

Sentencing Background:

Mr. Farias was sentenced to 360 months (30 years) imprisonment for conspiracy to import 1,000 kilograms or more of marijuana from Mexico into the United States.

He is currently incarcerated at USP Thomson in Illinois.

Amendment 821:

Elimination of Status Points: Amendment 821 eliminates "Status Points" that were previously added if the defendant committed the offense while under any criminal justice sentence.

Reduction in Offense Level: Amendment 821 also involves lowering the offense level by 2 points from the original sentence.

Adjustment for First-Time Offenders: The Sentencing Commission amended U.S.S.G. § 4C1.1 to allow first-time offenders to receive an adjustment by decreasing the offense level determined under Chapters Two and Three. This adjustment became effective on November 1, 2023.

Supreme Court Ruling:

In Concepción v. United States, the Supreme Court ruled that district courts must consider intervening changes in law or fact when exercising their discretion to reduce a sentence under the First Step Act. This ruling supports the consideration of Amendment 821 in Mr. Farias' case.

**III. Legal Argument**

Application of Amendment 821:

Elimination of Status Points: The removal of Status Points under Amendment 821 directly impacts Mr. Farias' sentencing range, reducing the severity of his sentence. This aligns with the amendment's purpose to create fairer sentencing outcomes.

Offense Level Reduction: The 2-point reduction in the offense level significantly lowers the sentencing range for Mr. Farias. This reduction acknowledges the mitigating circumstances that may not have been fully considered during the original sentencing.

Adjustment for First-Time Offenders: As a first-time offender, Mr. Farias is now eligible for an additional reduction in his offense level under U.S.S.G. § 4C1.1. This adjustment reflects the Commission's recognition that first-time offenders should be treated differently from repeat offenders.

Consideration of Supreme Court Ruling in Concepción:

The Concepción ruling mandates that district courts consider changes in law or fact when deciding on sentence reductions under the First Step Act. This legal precedent supports the application of Amendment 821 to Mr. Farias' case, providing a strong basis for reconsidering his sentence in light of the current legal framework.

### IV. Additional Considerations

Harsh Conditions of Confinement:

Mr. Farias has endured extremely harsh conditions during his incarceration, including two years and five months in the Special Housing Unit (SHU). These conditions have significantly impacted his physical and mental health, further justifying a compassionate review of his sentence.

In light of the intervening changes in the law, specifically Amendment 821 and the Supreme Court ruling in Concepción, as well as the harsh conditions of Mr. Farias' imprisonment and his demonstrated rehabilitation and family support, a reduction

in his sentence is warranted. The reduction from life imprisonment to 360 months already reflects a recognition of these factors, and a further reduction or compassionate release is consistent with the principles of justice and mercy.

For the foregoing reasons, Mr. Farias respectfully requests that this Court grant his motion for compassionate release and reduce his sentence to time served. Alternatively, he requests that the Court schedule a hearing to consider this motion in detail.

**Statement in Support of Compassionate Release for Jose Manuel Saldivar Farias from his Family and Friends:**

Enclosed with this statement are letters from his family and loved ones that paint a picture of a man who, despite his past mistakes, has shown immense personal growth and deep remorse. The following narrative highlights the critical aspects of his life and the profound impact his continued incarceration has on his family.

Jose Manuel Saldivar Farias is a man who has faced significant challenges throughout his life. With only a sixth-grade education, he shouldered the responsibility of being the primary breadwinner when his father fell ill with cancer. Despite the limited opportunities available to him, Jose demonstrated unwavering dedication to his family. Tragically, his father passed away just two and a half months after Jose's incarceration, an event that left a deep void in their lives.

Since then, Jose's mother has been battling illness, a struggle that has prevented her from seeing her son for the past nine years. Her inability to travel due to her health has meant that she has endured these hardships without the comforting presence of her son. The emotional toll on her has been immense, exacerbating her physical

ailments. The pain of not being able to embrace her son, to receive his support and care, has been a source of great suffering.

Jose's absence has also had a significant impact on his children. His oldest son, now 17 years old, is experiencing legal troubles and desperately needs his father's guidance and support. The lack of a paternal figure has left him vulnerable, and he is at a critical juncture where his father's influence could steer him towards a better path. Furthermore, Jose's youngest son is ill, requiring constant care and attention that Jose could provide if he were released.

Jose Manuel Saldivar Farias is not just a devoted family man but also a hard worker. He has demonstrated his commitment to providing for his family through various means. With his father's ranch in Mexico, Jose has the skills and determination to work the land and rebuild his life. This opportunity will not only provide him with a means of supporting himself but also contribute positively to the community.

The enclosed letters from Jose's family are heartfelt pleas for his release. They collectively illustrate the love and deep longing his family has for him. His family is ready and willing to assist him in every way possible to ensure a smooth reintegration into society. They have pledged to provide room and board, help him find employment, and offer transportation for work or medical appointments if needed. Their unwavering support is a testament to the strong familial bonds and the belief in Jose's ability to turn his life around.

Jose has spent his time in incarceration reflecting on his past actions and has shown significant personal growth. He understands the gravity of his mistakes and is determined to make amends. His remorse is genuine, and his commitment to

becoming a better person is evident. Given the opportunity, Jose is ready to prove that he can be a responsible, contributing member of society.

In light of the substantial emotional and physical hardships faced by his family due to his prolonged absence, we plead for compassion and mercy in reconsidering Jose Manuel Saldivar Farias' sentence. His family desperately needs him, and he is eager to fulfill his role as a father, son, and hard-working individual. We believe that granting him compassionate release will not only reunite him with his loved ones but also provide him with a second chance to rebuild his life and make a positive impact on those around him.

**Supporting Letters and Summary:**

1. Areliz Alejandra Medina (Niece):

Areliz Alejandra Medina expresses deep affection and respect for her uncle, Jose Manuel Saldivar Farias. She describes him as a kind-hearted individual greatly missed by the family. She highlights the struggles of their elderly grandmother, who has numerous health issues and misses her son dearly. Jose's absence is also hard on his children, particularly one with health complications. Areliz pleads for mercy on his long sentence, emphasizing his deserving of a second chance to reunite with his family.

2. Jayme Luna (Friend):

Jayme Luna, a registered nurse and long-time friend, recounts her 28-year relationship with Jose. She details his hardworking nature and dedication to his family despite limited education. Jose's regret over his mistakes and the immense hardship his absence causes to his family in Mexico are highlighted. She requests

reconsideration of his 30-year sentence, noting his personal growth and the significant hardship faced by his family.

3. Maria del Carmen Farias Adame (Mother):

Maria del Carmen Farias Adame, Jose's mother, writes a heartfelt plea for her son's release, describing her own health struggles and her deep desire to see him after nine years. She portrays Jose as her pillar of strength and a noble individual with a good heart. She shares the pain of losing her husband without Jose being able to say goodbye and fears experiencing a similar loss without reuniting with her son.

4. Vilma Alejandra Saldivar Farias (Sister):

Vilma Alejandra Saldivar Farias discusses the significant role Jose played in their family, especially during their father's illness. She describes him as more than an uncle to her children, being their primary support. Vilma highlights the emotional toll of their father's death and the impact on their mother's health. She implores for Jose's release to prevent further familial distress and to allow him to continue being a positive influence on his children.

5. Sandra Edith Saldivar Farias (Sister):

Sandra Edith Saldivar Farias reflects on their challenging childhood and Jose's early responsibilities. She acknowledges his mistakes but insists that not all accusations were justified. Sandra shares the family's ongoing suffering during his imprisonment and describes the harsh conditions he endured, including solitary confinement. She emphasizes Jose's continuous efforts for self-improvement and his desire to reunite with his family, particularly his sick son.

6. Sonia Saldivar (Sister):

Sonia Saldivar provides insights into their family's humble beginnings and Jose's sacrifices to support them. She stresses the unfairness of his sentence and the compounded pain of their father's death while Jose was incarcerated. Sonia details the logistical and health challenges their mother faces in visiting Jose and highlights his desire to be a positive presence for his family, especially his children. She requests leniency in his sentence, affirming his commitment to never reoffend and his vital role within the family.

7. Juan Valentin Grimaldo Jr.:

Juan Valentin Grimaldo Jr., a nine-year-old boy, expresses his affection for Jose Saldivar, who acts as a father figure since Juan's biological father passed away. He shares his desire to live with Jose and engage in father-son activities, pleading for assistance in making this possible.

8. Selena Nayely Medina Saldivar:

Selena Nayely Medina Saldivar, a resident of Sabinas Hidalgo N.L. with a degree in Education, runs her own nail business. She vouches for her uncle Jose, praising his character and dedication to family. She highlights the family's longing for his return, particularly his mother and youngest son, who needs his support due to an illness. She concludes with gratitude for the opportunity to express these sentiments.

9. Jose Manuel Saldivar Jr. (Son):

I am writing to express how much I have missed my father and to share the significant events he has missed in my life during the past nine years of his incarceration.

Despite facing challenges as a young boy, I have grown and matured into a responsible citizen. I recently graduated from Zapata High School, an accomplishment that I wish my father could have witnessed. It was a monumental step in my life, and I know it would have meant the world to him to see me walk across the stage on my graduation day.

I acknowledge that my father made mistakes, but I am confident that the past nine years have taught him the gravity of his actions. I am prepared to support and motivate him as we move forward, striving to regain some of the lost time. I believe that with my help, he can rebuild his life and become a better person.

My siblings and I, all boys, desperately need our father at home. My youngest brother is ill, and I firmly believe that my father's presence would significantly benefit him. It would mean everything to us to have the opportunity to grow up with our father by our side.

Thank you for considering my heartfelt request.

In sum, these letters collectively illustrate Jose Manuel Saldivar Farias as a dedicated family man who has made mistakes but shown significant remorse and personal growth. His family faces substantial emotional and physical hardships due to his prolonged absence, and they plead for compassion and mercy in reconsidering his sentence to allow him to reunite with and support his loved ones. The family will assist Farias with a second chance at rebuilding his life, helping him find work and providing room and board, as well as transportation for work or medical appointments if needed. (See, Letters attached hereto).

**Release Plan:**

Upon approval of this petition, Mr. Farias will transition to a stable and supportive environment provided by family and friends, offering him numerous promising opportunities for a successful reintegration into society. Specifically, ensuring a secure living situation.

The release plan encompasses several essential components to facilitate Mr. Farias's smooth transition back into the community. Firstly, assistance will be provided to acquire necessary identification documents, covering expenses associated with the driving exam and license. Additionally, a study guide for the motor vehicle test will be provided to aid Mr. Farias in successfully obtaining his driver's license.

In addition to focusing on rehabilitation efforts and seeking employment, Mr. Farias is committed to actively engaging with the community. He plans to volunteer weekly at a drug prevention outreach program aimed at supporting at-risk youth, thereby contributing positively to society.

Basic needs such as food and healthcare coverage will be met through the support of family and friends, ensuring Mr. Farias's well-being upon his release. Transportation arrangements will be made to facilitate attendance at program-related activities and other essential appointments.

With the unwavering support of his family and friends, Mr. Farias will receive the necessary assistance to reintegrate into the community successfully and pursue a safe, productive future.

## Mr. Farias Is Remorseful, Contrite and Accepts Full Responsibility for His Criminal Conduct:

In his petition, Mr. Farias claims he has done everything in his power to rehabilitate himself as demonstrated by his genuinely exceptional accomplishments and meritorious prison record. That he does not seek to justify, diminish, or detract from the seriousness of his offenses. And he unequivocally accepts responsibility for his criminal conduct.

There is no excuse for Mr. Farias's past actions, "today" he understands, and he has made a conscious decision to head down road of self-betterment. In his pursuit of rehabilitation, he made exceptional strides in bettering himself. Mr. Farias's record of rehabilitation can be considered extraordinary, and spells out what Congress intended when it stated that a sentence should be sufficient but not greater than necessary to achieve the goals of sentencing one of which is rehabilitation.

Mr. Farias has spent 10-years in prison and has expressed genuine remorse and regret his actions. He makes no excuses for his role in the convictions. He is remorseful, has demonstrated repentance, and acceptance of responsibility. He is no longer a danger to society. He merely requests the opportunity to rebuild a community he once destroyed.

Mr. Farias has purposefully engaged in all available programs to improve himself. With no incentives to transform his life, He has labored under a 30-year sentence to better himself in all aspects of his life. Mr. Farias has continuously sought out a well-rounded grouping of courses to do so. He demonstrates growth since his incarceration.

Mr. Farias has made remarkable strides to engage in model behavior, particularly evidencing that as he gets older, his actions become more appropriate. He has demonstrated longer periods of excellent behavior. More importantly Mr. Farias has maintained a significant family and community ties. While incarcerated he has mentored younger incarcerated individuals who are now law-abiding citizens. He has maintained employment, he is respectful to staff and fellow prisoners, and is known for his uplifting and positive attitudes and disposition.

## CONCLUSION

For the foregoing reasons, Mr. Farias respectfully requests that this Court grant his motion for compassionate release and reduce his sentence to time served. Alternatively, he requests that the Court schedule a hearing to consider this motion in detail.

Respectfully submitted,

*/s/ Jose Manuel Saldivar Farias*

Jose Manuel Saldivar Farias

Reg. No. 84644-379

USP THOMSON

PO Box 1002

Thomson, IL 61285

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on July 14th, 2024 the foregoing MOTION FOR COMPASSIONATE RELEASE was served upon the U.S. Attorney for the SOUTHERN DISTRICT OF TEXAS via U.S. mail and pre-paid.

*/s/ Jose Manuel Saldivar Farias*

Jose Manuel Saldivar Farias