UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § § | Criminal No. 4:15-cr-203 |
| JUAN PEDRO SALDIVAR-FARIAS | § | (UNDER SEAL) |

**GOVERNMENT'S UNOPPOSED MOTION FOR
A HEARING TO INQUIRE ON POTENTIAL ATTORNEY CONFLICT OF INTEREST**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America ("Government") and files its Motion for a Hearing to determine whether defense counsel should be disqualified due to a potential conflict of interest. In support thereof, the Government respectfully shows the Court the following:

I.

Potential Conflict of Interest in this Case:
Counsel's Representation of Co-Defendants

1. On June 21, 2015, a grand jury returned a Third Superseding Indictment in this case charging Juan Pedro Saldivar-Farias (the Defendant), Jose Manuel Saldivar-Farias and others with a continuing criminal enterprise, possession with intent to distribute and import marijuana into the United States and conspiracies to do same.

2. Co-defendant Jose Manuel Saldivar-Farias is the Defendant's brother.

3. On July 10, 2017, original counsel for Jose Manuel Saldivar-Farias filed a motion to withdraw from the case because Jose Manuel Saldivar-Farias retained attorney Edmundo Espinoza (attorney Espinoza) (D.E. 530).

4. Thereafter, attorney Espinoza represented Jose Manuel Saldivar-Farias and negotiated a Fed. Rule.Crim. Procedure 11(c)(1)(c) plea wherein Jose Manuel Saldivar-Farias pled guilty to conspiracy to distribute more than 1,000 kilograms of marijuana in exchange for a recommended sentence of 360 months. (D.E. 553)

5. On August 11, 2017, United States District Judge Melinda Harmon accepted the plea agreement and sentenced Jose Manuel Saldivar-Farias to 360 months.

6. On January 21, 2026, the Defendant has his initial appearance following his transfer to the United States from Mexico.

7. On February 6, 2026, Attorney Espinoza filed his notice of attorney appearance and replaced the Defendant's original appointed counsel. (D.E. 818).

II.

Government's Duty to Alert the Court of Conflicts

Undersigned counsel has a duty to represent the Government competently and diligently by addressing opposing counsel's conflicts of interest, particularly in criminal proceedings, where there is a risk that a criminal defendant may later raise an ineffective assistance of counsel claim based on defense counsel's conflict of interest. To protect the defendant's right to assistance of counsel and protect the integrity of current and future proceedings, the Government respectfully requests the Court hold a hearing to determine if any conflicts exist.

When defense counsel has an apparent conflict of interest, the trial court should hold a hearing in accordance with the Fifth Circuit seminal decision in *United States v. Garcia*, 517 F.2d 272 (5th Cir.1975). "A resolution of the problem requires cautious and sensitive consideration and balancing of individual constitutional protections, public policy and public interest in the

administration of justice, and basic concepts of fundamental fairness." *Id.* 517 F.2d at 273.

If the hearing evidences the existence of a conflict of interest, the trial court must ensure that the defendant is fully apprised of the ramifications of the conflict. Should a defendant desire to waive the conflict, the trial court must establish on the record that the defendant knowingly, intelligently and voluntarily waives the inherent disqualification. *Id.* at 274. Notwithstanding such a waiver, the district court must also evaluate and determine whether the conflict is so severe as to render a trial inherently unfair, whether proceeding with the conflict undermines the integrity of the judicial system or whether proceeding with the conflict will deprive the defendant of his right to effective assistance of counsel. *United States v. Rico*, 51 F.3d 495, 511 (5th Cir. 1995); *United States v. Vaquero*, 997 F.3d 78, 90 (5th Cir. 1993).

A defendant's right to conflict-free counsel may be waived. However, a defendant's right to choice of counsel is limited not only by a demonstration of actual conflict, but by a showing of a serious potential conflict even where a defendant expresses a desire to waive the potential conflict." *United States v. Sotelo*, 97 F.3d 782, 791 (5th Cir. 1996).

III.

Conclusion

The Government believes that attorney Espinoza's representation of defendant Jose Manuel Saldivar-Farias and the Defendant creates a "potential" conflict of interest. For that reason, The Government requests that the Court hold a hearing to inquire into the propriety of the joint representation pursuant to Federal Criminal Proc. Rule 44(c)(2). The Government requests that the Court advise the Defendant of the perils of multiple representation and determine whether he may knowingly and voluntarily waive any

conflict.

>Respectfully submitted,
>
>NICHOLAS J. GANJEI
>United States Attorney
>
>***/s/ Anibal J. Alaniz***
>Anibal J. Alaniz
>Assistant United States Attorney
>Texas State Bar No. 00966600
>Federal I.D. No.12590
>1000 Louisiana
>Suite 2300
>Houston, Texas 77002
>(713) 567-9000 (office)
>(713) 567-9487 (direct)
>
>**/s Casey N. MacDonald**
>Casey N. MacDonald
>Assistant United States Attorney
>New Jersey Bar No.043362000
>Federal Bar No. 915752
>1000 Louisiana
>Suite 2300
>Houston, Texas 77002
>(713) 567-9000 (office)
>(713 567-9798 (direct)

## CERTIFICATE OF CONFERENCE

On February 12, 2026, I conferred with Edmundo Espinoza., counsel for defendant regarding the Government's Motion Requesting a Hearing to Inquire into Potential Attorney Conflicts of Interest and counsel indicated he was unopposed to this motion.

>**/s/ Anibal J. Alaniz**
>Anibal J. Alaniz
>Assistant United States Attorney
>
>**Casey N. MacDonald**
>Casey N. MacDonald
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

On February 18, 2026, the Government's Unopposed Motion Requesting a Hearing to Inquire into Potential Attorney Conflicts of Interest filed via ECF and was served on counsel of record.

*/s/ Anibal J. Alaniz*
Anibal J. Alaniz
Assistant United States Attorney

*Casey N. MacDonald*
Casey N. MacDonald
Assistant United States Attorney