**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**
**Houston Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 15-cr-0203-ASH** |
| **v.** | ) | |
| | ) | |
| **JUAN PEDRO SALDIVAR-FARIAS,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**DECLARATION OF ATTORNEY IN SUPPORT**
**OF MOTION FOR COURT ORDER TO ALLOW DEFENDANT**
**ACCESS TO TELEPHONE CALLS TO HIS ATTORNEY AND**
**TO HIS IMMEDIATE FAMILY WHILE IN ADMINISTRATIVE DETENTION**

I, EDMUNDO ESPINOZA, declarant states as follows:

I am the attorney of record in this case for defendant JUAN PEDRO SALDIVAR-FARIAS, who is presently in the custody of the BOP at the Federal Detention Center, (FDC) Houston, Texas.

This attorney is filing this declaration in support of defendant's motion for a court order permitting SALDIVAR-FARIAS to telephone his attorney and his immediate family while he is housed at FDC in Administrative Detention. The motion is unopposed by the Government.

If called to testify about any factual statements made herein, attorney Espinoza will testify truthfully to these matters to the best of his knowledge and recollection.

Defendant was brought to the United States from Mexico by United States Authorities, without the benefit and application of the United States and Mexico Extradition Treaty and removed from a Mexican Prison while serving an uncompleted sentence.

He was delivered to the custody of the BOP, at the Federal Detention Center, Houston, Texas, on January 20, 2026. He was immediately placed in Administrative Detention (Special

1

Housing Unit (SHU)), while the other seven (7) Mexican prisoners, who were also dropped at the FDC on the same day - who were also removed from Mexican Prisons - were immediately allowed to go into the general population.

SALDIVAR has been at the Special Housing Unit ever since he was admitted to the FDC and has remained to this day as an Administrative Detainee, without any administrative rights to be defined below.

This attorney/declarant became his attorney of record on January 28, 2026, and has visited with SALDIVAR numerous times, whether at the FDC or at the U. S. Marshal holding cells. Declarant has spent over sixty (60) hours spread out over many days discussing the case with his client, translating/reading and explaining government reports, explaining the intricacies of the United States laws and regulations, and court procedures, which apply to his case. Declarant has established a good working relationship with him.

As a result of these many hours, declarant has learned about the treatment, or lack thereof, provided by FDC custodians, as these relate to not allowing him access to his prison funds, why he is in the Special Housing Unit, and how he has not been provided any of his rightful access to make telephone calls to his attorney and his immediate family. He has not been allowed to call anybody.

Generally, inmates are allowed to submit Form/Lists of their chosen names and telephone numbers of preferences, as well as other items, and he has offered these daily to the officers, and these have been rejected every time. These have included telephone numbers for his attorney and immediate family names and numbers.

Attached herein is **_EXHIBIT 1_**, a copy of **_28 CFR 540.100,_** which simply refers to the availability of telephone use by inmates within the Bureau of Prisons. The section applies to

SALDIVAR while at the SHU. Additionally, the availability of access to telephone privileges by him at Houston FDC should be easier as inmates there have not yet been convicted, unlike a prison setting. It is very important to mention at this junction that he has not been disciplined for any FDC regulation violations.

Attached also is **_EXHIBIT 2_**, a copy of **_29 CFR 541.22,_** that explains the differences between Administrative Detention and Disciplinary segregation, for informational purposes.

Attached is **_EXHIBIT 3_**, a copy of **_28 CFR 540.103,_** that states, **_"[t]he Warden may not apply frequency limitations on inmate telephone calls to attorneys when the inmate demonstrates that communications with attorneys by correspondence, visiting or normal telephone use is not adequate."_** This declarant was told by his client that he has not been able to correspond with this attorney because he is not allowed to purchase stamps for mailing. It is always very important for a client to communicate with his attorney by telephone, during pending court litigation, as it is well known in the legal profession that it normally takes two (2) to three (3) weeks, or more, for a letter to be mailed and to be received by the recipients, either way. Here, SALDIVAR needs to communicate to declarant by telephone for a quick resolution of a pending court matter, motions being filed and/or other issues. SALDIVAR has not been allowed to make any telephone calls to his attorney.

And **_EXHIBIT 4_**, copy of **28 CFR540.204,** telephone communications to immediate family members.

This declarant has sent several letters to his client that have taken up to 3 weeks to be delivered. Declarant knows this because every time a letter is to be immediately delivered to the inmate by the officer, declarant gets a telephone call from that FDC officer asking if attorney sent it to his client. This is an example why telephone calls by an inmate to his attorney are so

3

important. It aids in the attorney's work in court litigation. And inmate telephone calls to the inmate's immediate family are also very important because, ***"[t]elephone privileges are a supplemental means of maintaining community and family ties that will contribute to an inmate's personal development." See, <u>EXHIBIT 1.</u>***

<b><u>CONCLUSION</u></b>

Declarant has circumscribed his request in this motion for the Court to consider only issuing an order to the Warden, and or any staff member with authority explicitly delegated by any chief executive officer (*see, 28 CFR 500.1 (definitions)),* his agents or representatives, to allow inmate JUAN PEDRO SALDIVAR-FARIAS, (USM# 14265-506), presently under Administrative Detention at the Federal Detention Center, Houston, Texas, <u>forthwith</u>, to allow the inmate access to his available funds, to pay for these calls, to accept the inmate's list of telephone names and numbers and to allow him at least three (3) completed telephone calls to both his attorney and to his immediate family.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and information and that I executed this on April 7, 2026, at Hays County, State of Texas.

                         ___/s/__*edmundo espinoza*_____
                         EDMUNDO ESPINOZA, declarant

4