UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | |
| | § | Criminal No. 4:15-cr-203 |
| JUAN PEDRO SALDIVAR-FARIAS | § | |

**GOVERNMENT'S UNOPPOSED MOTION TO RECONSIDER ORDER REGARDING FDC (D.E. 828)**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America ("Government") files this Motion for Reconsideration and Request to Vacate Order regarding the Federal Detention Center.

## I.       Procedural History

1.       On April 8, 2026, the Defendant filed a motion requesting the Court order the Federal Detention Center ("FDC") to allow the Defendant to make phone calls (D.E. 827) The Government was unopposed to the motion.

2.       On April 16, 2026, the Court granted the unopposed motion (D.E. 828).

**3.**       The Government was remiss and failed to confer with the FDC about the Defendant's motion prior to conveying the Government's position on the motion. After conferring the FDC about their specific policies and operating

procedures, the Government has changed its position regarding the Defendant's motion. The Government respectfully requests that the Court reconsider the Defendant's Motion, vacate its prior order and issue a revised order.

## II.      The Defendant's Motion

The Defendant alleges that, as of April 8, 2026, he had not had the ability to access his funds to purchase stamps or to purchase telephone minutes, had not been allowed to add contacts to his contact list, and had not been allowed to call either his attorney or his family.   Defendant represents that BOP policy guarantees him three calls per month.

## III.      The Government's Motion for Reconsideration

A.      The Defendant's Access to Funds

Consultation with Troy Dorrett, Supervisory Attorney for the Houston Consolidated Legal Center, Federal Bureau of Prisons ("BOP") and review of FDC records, reveals that the Defendant has had access to funds and has purchased stamps and telephone minutes.

On January 21, 2026, Defendant received $200 on his account. *See* Exhibits 1 and 2.  On February 25, 2026, he transferred $10 to use for telephone calls. *Id*. In addition to purchasing phone minutes, the Defendant has made purchases from the commissary on various occasions, including three books of stamps.   He first purchased stamps on February 13, 2026, and purchased additional stamps on April

3, 2026, and again on April 16, 2026. *See* Exhibits 3,4 and 5. The Defendant has made other purchases at the commissary. *See* Exhibits 6 and 7.

B.      Defendant's ability to add contacts to FDC contact list

The Defendant has been able to add contacts to his FDC contact list. He has three contacts on his contact list, including: Maria Del Carmen (parent), Jayme Luna (parent), and Vanessa Sanchez (spouse). *See* Exhibit 8.

C.   The Defendant's ability to make phone calls

The Defendant has made two fifteen-minute phone calls. On April 7, 2026, the Defendant called Jayme Luna for 15 minutes. On April 16, 2026, he called Jayme Luna again for 15 minutes.   *See* Exhibit 9. These calls were made prior to FDC's receipt of notice of the Court's order (D.E. 828).

D.      BOP Policy Pertaining to the Defendant Respecting Phone Calls

The Defendant relies upon 28 CFR 540.100 and 28 CFR 540.204 for his contention that BOP policy requires he be permitted at least three personal telephone calls per month. Counsel omits 28 CFR 540.100(b) which provides: "Except as provided in this rule, the Warden shall permit an inmate who has not been restricted from telephone use as the result of a specific institutional disciplinary sanction to make <u>at least one telephone call each month</u>." *See* Exhibit 10.

Counsel's reliance to 28 CFR 540.204 is misplaced. Section 540.204 is part

of Part 540 "Contact with Persons in the Community," Subpart J "Communications Management Housing Units" and as such only applies to inmates housed at the Communications Management Unit (CMU).   *See* Exhibit 11. BOP operates two CMU's; one at the Federal Correctional Complex in Terre Haute, Indiana, and the other at the United States Penitentiary in Marion, Illinois. The Defendant is not being housed at a CMU, which is only for convicted inmates serving their sentence, and only in very specific situations.

The Defendant is presently housed in the Special Housing Unit ("SHU") at FDC Houston.   As an inmate in SHU, the Defendant's access to the phone is governed by Program Statement 5270.12 which provides: "If an inmate has not been restricted from telephone use because of a specific disciplinary sanction, they will be allowed to make **one telephone call per month**." *See* BOP Program Statement ("PS") published online at

*https://www.bop.gov/policy/progstat/5270_012_cn-1.pdf* .

Specifically, the inmate will receive access to a telephone and offered the opportunity to make a call within the first 30 calendar days of placement in SHU, and subsequently make a phone call every 30 days thereafter. Moreover, this Section of this Program Statement refers to social calls, not legal calls. *See* P.S. 5270.12, Special Housing Units, at p. 16.   As a general rule, inmates in SHU are allowed one call per month, not including legal calls.   As previously described, the

Defendant has already been allowed two calls this month.

The Defendant is not required to add his attorney to his approved contacts list, or to pay for legal calls.   The Warden does not limit the number of legal calls an inmate may make when the inmate demonstrates "that communication with attorneys by correspondence, visiting, or normal telephone use is not adequate."   28 CFR 540.103.    If the Defendant and his attorney need to speak confidentially, and in-person visitation and legal correspondence are not adequate, FDC Houston can and does facilitate legal calls.   To initiate a legal call, the Defendant should submit a request to his Unit Team. If defense counsel wishes to initiate a legal call, counsel should contact the Consolidated Legal Center (CLC) at HOU-Attorney-S@bop.gov.  *See* Houston Legal Guide at https://www.bop.gov/locations/institutions/hou/hou_legal.pdf?v=1.0.2.    As of today, the Houston CLC has not received a request from counsel to accommodate a legal call.

IV.    <u>Request to vacate previously issued order and issue new order</u>

Because the Defendant has access to funds, has an approved FDC contact list, is making telephone calls pursuant to BOP policy and can request legal calls as described above, there is no need for an order for the Court's previously issued order. For that reason, the Government respectfully requests the Court vacate its order and allow the FDC Houston to follow its policy and provide the Defendant

with access to the telephone in the same manner as all other inmates housed in SHU.

Respectfully submitted,

JOHN G.E. MARCK
Acting United States Attorney

BY:   /s Casey N. MacDonald
Casey N. MacDonald
Assistant United States Attorney
Federal Bar No. 915752
New Jersey Bar No. 043362000
1000 Louisiana St., Suite 2300
Houston, TX 77002
Phone: 713-567-9000
Fax:   713-718-3301

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 21, 2026, I conferred with Edmundo Espinoza, counsel for the Defendant, and he indicated he was unopposed to this motion.

s/ Casey N. MacDonald
Casey N. MacDonald
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed with the District Clerk's Office and was provided to counsel of record via ecf filing on April 21, 2026.

s/ Casey N. MacDonald
Casey N. MacDonald

Assistant United States Attorney